4781. JARRARD *v.* HAWES, administrator.

RUSSELL, J. 1. The evidence act of 1889 superseded the decisions of the Supreme Court rendered prior to its passage, in which the evidence acts of 1866 were construed. The provisions of section 5858 of the code exclude the plaintiff, in a case in which the defendant has died, from testifying to any conversation or transaction with the deceased; and there is no exception to the rule. For this reason the trial judge did not err in withdrawing, in his charge to the jury, that portion of the testimony of the plaintiff which purported to relate to statements of the deceased defendant.

2. The action was based upon an entire contract, and for this reason the trial judge did not err in confining the consideration of the jury to a recovery for the full amount of the contract price, in case the jury found in favor of the plaintiff.

3. The evidence, though conflicting, warranted the finding in favor of the defendant, and there was no error in refusing a new trial.

*Judgment affirmed.*

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Bainbridge—Judge Spooner. March 4, 1913.

*M. E. O'Neal, Russell & Custer,* for plaintiff in error.

*Byron B. Bower Jr., T. S. Hawes,* contra.